IN THE UNITED STATES DISTRICT COURT   **FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO ALBUQUERQUE, NEW MEXICO

**NOV 2 4 2006**

SHANNETTE BEGAY, et al.,

      Plaintiffs,

**MATTHEW J. DYKMAN**
**CLERK**

vs.

Civ. No. 06-484 JH/RHS

UNITED STATES OF AMERICA,

      Defendant.

## REPORT AND RECOMMENDATION THAT THE
## MINOR SETTLEMENT BE APPROVED

**THIS MATTER** came before the Court on November 16, 2006, for a hearing relative to

the approval of the proposed settlement reached between the parties in the above captioned

cause. The hearing was attended by counsel of record, the Guardian Ad Litem, the Plaintiff

Shannette Begay and several family members.

The Court had previously appointed Kathleen Oakey as Guardian Ad Litem and on

November 7, 2006, she submitted her report to the undersigned and counsel. The report was

extremely thorough and all parties expressed their gratitude to the Guardian Ad Litem for her

work in addressing the best interests of the minor children. A copy of the Report is attached

hereto and incorporated by reference as Exhibit A. In short, the Guardian Ad Litem concluded

that the value of each child's claim exceeded the amount they would have received based on the

$600,000.00 cap for a Federal Tort Claims Act wrongful death claim. The factual basis for the

claim is straightforward and to my understanding uncontested. On or about November 16, 2005,

-1-

13

a physician employed by the VA Hospital, acting in the course and scope of his employment for the VA Hospital, ordered that the decedent Raymond Begay be given an MRI with contrast. Mr. Begay was allergic to MRI contrast material and this information was known or should have been known by the employees of the Defendant who assisted in the MRI because it was in his medical chart. When the MRI was performed on November 16, 2005, Mr. Begay was negligently given the MRI contrast material and thereafter as a direct and proximate cause of receiving the MRI contrast material to which he was allergic, Mr. Begay died shortly after being placed in the MRI scanner.

It is my respectful recommendation that the settlement be approved. Counsel have prepared a stipulation of dismissal which I am forwarding herewith to the trial court.

Robert H. Scott   11-21-06

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

-2-

**KATHLEEN M.V. OAKEY**
Attorney and Counselor at Law
P.O. Box 6695
Albuquerque, NM 87197
**Phone: (505) 343-3111**
Fax: (505) 343-1501

RECEIVED AT THE OFFICE
OF THE U.S. MAGISTRATE JUDGE

NOV - 8 2006

ROBERT HAYES SCOTT

November 7, 2006

The Honorable Robert H. Scott
United States District Court
333 Lomas Blvd. NW, #620
Albuquerque, NM 87102-2276
(505) 348-2300

> **RE: Begay v. United States of America,**
> **Civ. No. 06-484 JH/RHS**

Dear Judge Scott:

## GUARDIAN AD LITEM REPORT

On September 25, 2006, you entered an "Order Appointing Guardian Ad Litem" appointing me GAL to act as an arm of the Court on behalf of minors Falisha Begay and Tristin Begay in the above referenced cause. As the GAL, I recommend to the Court whether the settlement reached between Plaintiff, Shanette Begay (as the Personal Representative of the Estate of Raymond Begay), on behalf of Falisha and Tristin, and Defendant, the United States of America, in the amount of $145,432.43 per child is fair and reasonable and in the best interest of each child.

Following is a summary of the investigation I undertook in recommending to the Court that it approve each settlement as fair and reasonable and in the best interest of both Falisha and Tristin:[1]

### I. Background

Raymond Begay[2] and Stella Francis were married in Gallup NM in 1971; both were members

---

[1] In my opinion, the value of each child's claim exceeds the amount they will receive; however, the Federal Tort Claims Act has a $600,000.00 cap for wrongful death claims.

[2] Mr. Begay was a Vietnam veteran. In 1979, Mr. Begay was involved in a vehicle accident; as a result of the accident, Mr. Begay was a quadriplegic.

EXHIBIT A

of the Navajo Tribe.  The Begays had two (2) biological children. Shanette (now age 33)[3] and Shawn (now age 35).  The Begay family lived in Gallup NM.

In 1993, the Begays adopted their granddaughter, Falisha (the biological daughter of Shanette) and in 1997, they adopted Tristin (the biological son of Shawn); the children, along with Shanette resided with the Begays in Sundance, located near Rehobeth NM just East of Gallup.[4]  In 2001, Mrs. Begay died of ovarian cancer.  Shanette, Falisha and Tristin continued to reside with Mr. Begay after his wife's death.  Mr. Begay never remarried and had no other children.

By all accounts, Mr. Begay was a very loving, attentive, devoted parent to Falisha (now age 16) and Tristin (now age 10).  He oversaw their schooling, instilled the importance of work and education[5] in each and had both children actively involved in competitive rodeo (barrels, poles, goats and steer riding) which required week-end travel within and outside the State.

## II. **Incident**

In 2003, Mr. Begay developed osteomylitis in his left hip area and, as a result, he was hospitalized at the VA Hospital in Albuquerque from May 2003 - November 2004.  In early November 2005, Mr. Begay was hospitalized at the Gallup Indian Medical Center (Medical Center)

---

[3] Shanette is a Senior at UNM (Gallup) and will graduate with a Nursing degree next month.  She presently works full-time as a Dialysis Technician at Rehobeth Medical Christian Hospital in Gallup.  Shawn has worked, full-time, for seven (7) years with the BNSF Railroad.

[4] In order for the Begays to adopt Falisha and Tristin, both Shanette and Raymond relinquished their paternal rights to the children.

[5] Falisha (now a Junior at Gallup HS) followed her Father's advice with amazing determination and success: she has maintained a 4.0 since the 7th grade. has attended East Central University in OK for the past two summers, attended summer school at Pace University in New York last summer (forensic science internship program), will be traveling to China with Pace University next summer (medical/chemistry internship program) and is pursuing a Gates Millennium Scholarship.

Shanette has met with a number of financial advisors (including those with the Navajo Tribe) to determine what college scholarships and related funding is available for Falisha. Falisha is considering a career in pharmacology and hopes to attend Stanford for her undergraduate degree and Columbia for graduate school.

Tristin (now a 4th grader), however, struggles academically; in 2003, Tristin was diagnosed with ADHD and has been on Ritalin since that time.  He has difficulty concentrating both at school and at home and Shanette is contemplating transferring him to a private school next year.

for continuing problems with his hip. While at the Medical Center. Mr. Begay informed the hospital staff that he was allergic to Contrast, an MRI tracer fluid.[6] On November 15, 2005, Mr. Begay was transferred from the Medical Center to the VA Hospital in Albuquerque. Mr. Begay likewise informed the VA Hospital staff that he was allergic to Contrast. That same day, Mr. Begay underwent an MRI to his hip; Contrast was used. Mr. Begay died the following day.[7]

A week after Mr. Begay's death, Shanette was asked to attend a meeting at the VA Hospital; during the meeting she was informed that although the VA Hospital knew Mr. Begay was allergic to Contrast, the MRI referral did not reflect this and Mr. Begay was accidentally given an MRI with Contrast shortly before his death.[8]

## III.  Wrongful Death Lawsuit

In late 2005, Shanette (through her attorney Joseph M. Fine) filed a "Complaint [to] Recover Damages for Personal Injury and Wrongful Death" in this cause.[9]  In late September 2006, Mr. Fine settled the Estate's wrongful death claim, with US attorney Jan Elizabeth Mitchell, for $590,000.00. After payment of attorney fees, GRT ($157,640.63) and costs ($ 629.64), the remaining **$431,729.73** will be divided among the statutory beneficiaries (Mr. Begay's four (4) children) as follows:[10]

---

[6]  Contrast agents improve the resolution of MRI images by increasing the brightness in various parts of the body where the agent resides. Contrast agents are administered, by injection, before or during the MRI.

[7]  At the time of his death, Mr. Began received monthly VA benefits of $2,453.00 and monthly SSI benefits of $1,520.00 (for Falisha and Tristin) for a total of $3,973.00 per month.

[8]  The Certificate of Death provides the following as the "immediate cause" of death: (a) PTSD; (b) Quadriplegia; and ©) Decubitus Ulcer.

[9]  Shanette was appointed the Personal Representative of the Estate of Raymond Begay in In the Matter of the Estate of Raymond Begay, CV-2005 09309 (Sec.Jud.Dist. Ct.NM).

[10]  In March 2006, Shanette petitioned the Family Court of the Navajo Nation for legal guardianship of Falisha and Tristin (In the Matter of Guardianship [of Falisha and Tristin] in No. CP-FC-06 238) and on March 14, 2006, the Navajo Court entered a "Guardianship Decree" awarding Shanette legal and physical custody of both Falisha and Tristin. Specifically, the Decree awarded Shanette authority to "oversee the minor children's person and estate". Shanette and the children (and Shanette's husband of two (2) years, Edison Charley, who has worked for the BNSF Railroad for 25 years), continue to live in the Begay home which Mr. Begay willed to Shanette. The home is a double wide mobile home located on Navajo Tribal land and Shanette owns it free and clear. Shanette receives the following benefits for the children: $1,272.00 per month per child in social security death benefits and $ 629.00 per month in VA benefits for a total of $3 ,173.00.

| BENEFICIARY | | AMOUNT |
|---|---|---|
| Shanette Begay | (biological) | $ 70,432.43 |
| Shawn Begay | (biological) | $ 70,432.43 |
| Falisha Lynn Begay | (adopted) | $145,432.43 |
| Tristin Robert Begay | (adopted) | $145,432.43 |

### TOTAL:        $431,729.72

In addition to being statutory beneficiaries, because they are minors, Falisha and Tristin have loss of consortium claims. Accordingly, each will receive $75,000.00 more of the wrongful death proceeds than Shanette and Shawn.

## IV. Distribution of Proceeds

### A. Falisha

Mr. Fine suggests, and Shanette, Ms. Mitchell and I agree, that $140,000.00 of Falisha's monies be used to purchase an annuity with structured payments to be paid to Falisha as follows:[11]

(a) $ 25,000.00 (lump sum) on 08-14-2011 (age 21);

(b) $ 50,000.00 (lump sum) on 08-14-2015 (age 25);

©) $ 25,000.00 (lump sum) on 08-14-2017 (age 27);

(d) $141,808.57 (lump sum) on 08-14-2020 (age 30)

The total payout of the anticipated structure is $241,808.57 and will be purchased from the MetLife Life Insurance Company which is rated A++ (Superior), Class XV by A.M. Best.[12] Attached hereto as Exhibit "A" is a copy of the "Proposal".

---

[11] Because Falisha has maintained a 4.0 GPA for the past five (5) years, is Native American and has participated in several University level internship programs, Shanette expects she will be eligible to receive substantial financial college aide. Accordingly, Shanette thought it prudent to limit the amount of annuity monies Falisha will receive during her college years.

[12] Each annuity Proposal is premised on a purchase date of 12-20-2006; accordingly, an earlier or later purchase date may affect the actual payout and the benefits described in Exhibits "A" and "B" would be adjusted accordingly  Nonetheless, the $140,000.00 sum to be paid for the purchase of each child's annuity will remain the same.

4

The remaining $ 4.363.68[13] of Falisha's monies will be given to Shanette to spend on Falisha as she deems appropriate (laptop computer, computer programs, Rodeos, summer school classes at Eastern NM, summer travel to Pace University and China, etc.).

## B.  Tristin

Mr. Fine suggests, and Shanette, Ms. Mitchell and I agree, that $140,000.00 of Tristin's monies be used to purchase an annuity with structured payments to be paid to Tristin as follows:

(a)  $1,000.00 per month beginning on 01-11-2016 (age 20) and continuing for five (5) years until age 25;

(b)  $1,500.00 per month beginning on 01-11-2021 (age 25) and continuing for five (5) years until age 30;

(c)  $ 20,000.00 (lump sum) on 01-11-2016 (age 20);

(d)  $ 20,000.00 (lump sum) on 01-11-2020 (age 24); and

(e)  $120,126.26 (lump sum) on 01-11-2026 (age 30).

The total payout of the anticipated structure is $310,126.26 and it will likewise be purchased from MetLife.  Attached hereto as Exhibit "B" is a copy of the "Proposal".

The remaining $ 4,363.68 of Tristin's monies will likewise be given to Shanette to spend on Tristin as she deems appropriate (computer programs, Rodeos, extra-curricular activities, etc.).

## V. Conclusion

A Fairness hearing to approve the settlement amounts Falisha and Tristin will receive is scheduled for Thursday, November 16, 2006 at 2:00 p.m. I will attend the hearing to answer any questions you may have.  Mr. Fine, Ms. Mitchell and Shanette will likewise be in attendance.

Sincerely,

Kathleen M.V. Oakey

KMVO/bb
xc. Joe Fine, Esq.
   Jan Elizabeth Mitchell, Esq.

---

[13]  My Guardian Ad Litem fee is $2,000.00 + GRT ($2,137.50); accordingly, the sum of $1,068.75 will be deducted from each child's monies.

5

6



 **STRUCTURED FINANCIAL ASSOCIATES** 

# Proposal

Date:       October 18, 2006

Claimant:    Felisha Begay

## OPTION 1

| Structured Settlement Plan | COST | GUARANTEED BENEFITS | IRR** |
|---|---|---|---|

**MetLife Annuity**

**Payee: Felisha Begay; DOB: 08/14/1990**

| | COST | GUARANTEED BENEFITS | IRR** |
|---|---|---|---|
| A guaranteed lump sum of $25,000.00 payable on 08/14/2011 (age 21). | $  20,804.75 | $   25,000.00 | |
| A guaranteed lump sum of $50,000.00 payable on 08/14/2015 (age 25). | 33,289.50 | 50,000.00 | |
| A guaranteed lump sum of $25,000.00 payable on 08/14/2017 (age 27). | 14,871.00 | 25,000.00 | |
| A guaranteed lump sum of $141,808.57 payable on 08/14/2020 (age 30).* | 71,034.75 | 141,808.57 | |
| **Total for Option 1** | $   140,000.00 | $   241,808.57 | 5.03% |

Note:  Should the total cost of the annuity be greater than or less than $140,000.00 at the date of purchase, the benefits marked with an asterisk (*) will be adjusted accordingly.

** IRR as provided by MetLife

Note:  This proposal is valid for 7 days from the date above or the date of a rate change if earlier.
This proposal is based on the entire set of benefits illustrated and subject to final approval by MetLife.

Exhibit "A"



Tristin

 STRUCTURED FINANCIAL ASSOCIATES 

# Proposal

Date:      October 26, 2006

Claimant:      Tristin Begay (Male)

## OPTION 3

| Structured Settlement Plan | COST | | GUARANTEED BENEFITS | IRR** |
|---|---|---|---|---|

**MetLife Annuity**

**Payee: Tristin Begay; DOB: 01/11/1996**

| | | | | |
|---|---|---|---|---|
| Beginning on 01/11/2016 (age 20), $1,000.00 per month guaranteed for 5 years certain. | $ | 34,098.18 | $ 60,000.00 | |
| Beginning on 01/11/2021 (age 25), $1,500.00 per month guaranteed for 5 years certain. | | 38,388.23 | 90,000.00 | |
| A guaranteed lump sum of $20,000.00 payable on 01/11/2016 (age 20). | | 13,011.60 | 20,000.00 | |
| A guaranteed lump sum of $20,000.00 payable on 01/11/2020 (age 24). | | 10,364.00 | 20,000.00 | |
| A guaranteed lump sum of $120,126.26 payable on 01/11/2026 (age 30).* | | 44,137.99 | 120,126.26 | |
| **Total for Option 3** | $ | 140,000.00 | $ 310,126.26 | 5.26% |

Note: Should the total cost of the annuity be greater than or less than $140,000.00 at the date of
purchase, the benefits marked with an asterisk (*) will be adjusted accordingly.

** IRR as provided by MetLife

Note: This proposal is valid for 7 days from the date above or the date of a rate change if earlier.
This proposal is based on the entire set of benefits illustrated and subject to final approval by MetLife.

Exhibit "B"

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SHANNETTE BEGAY, as personal
representative of the ESTATE OF
RAYMOND BEGAY, and SHANNETTE
BEGAY, as mother and natural guardian of
FALISHA LYNN BEGAY and as guardian
of TRISTIN ROBERT BEGAY, minor children,

      Plaintiffs,

vs.                  CIVIL NO.  06-0484 JH/RHS

UNITED STATES OF AMERICA,

      Defendant.

### STIPULATION OF DISMISSAL

      The parties, Plaintiff Shannette Begay, in her individual and representative capacities, and

Defendant United States of America, by their undersigned counsel, hereby stipulate and agree

that this action is dismissed with prejudice and with the parties to bear their own costs. This

Stipulation is entered into in accordance with the provisions of Rule 41 (a)(1)(ii), Federal Rules

of Civil Procedure.

                              Respectfully submitted,

                              JOSEPH M. FINE, P.A
                              FINE LAW FIRM
                              Attorney for Plaintiffs
                              220 Ninth Street, N.W.
                              Albuquerque, NM  87102
                              (505) 243-4541

DAVID C. IGLESIAS
United States Attorney

*Jan Elizabeth Mitchell*

JAN ELIZABETH MITCHELL
JOHN W. ZAVITZ
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1472

N:\J.Mitchell\Begay\stipulation of dismissal.wpd

2